IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WESLEY D. FREE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIV-13-87-F ) ) |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER EXTENDING TIME TO ACCOMPLISH SERVICE OF PROCESS AND SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff filed this 42 U.S.C. § 1983 action on January 25, 2013, alleging that his First Amendment and Eighth Amendment rights were violated by Defendant Kelly in his capacity as the Food Service Manager at Lawton Community Corrections Center ("LCCC"), a small correctional facility for Oklahoma inmates operated by the Oklahoma Department of Corrections ("ODOC") and located in Lawton, Oklahoma,[1] and by Defendant ODOC. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that Defendant ODOC be dismissed from the action pursuant to 28 U.S.C. § 1915A(b) on the

---

[1]According to information on ODOC's publicly-available website, the Lawton Community Corrections Center is a transitional facility with a capacity for 158 inmates. http://www.ok.gov/doc/documents/lawton.pdf.

1

ground of immunity. Because Plaintiff has shown good cause for his failure to serve Defendant Kelly with process, Plaintiff is also granted one extension of time to serve Defendant Kelly with process.

I. Plaintiff's Claims

In his Complaint, Plaintiff alleges that Defendant Kelly, the Food Service Manager at LCCC, failed to provide Plaintiff a "religious diet" between August 25, 2011 and October 12, 2011.[2] Plaintiff alleges that Defendant Kelly "made no attempt what so ever [sic] to accommodate my religious diet according to DOC OP-030112 the whole time period I was housed at LCCC" and instead "continued to feed me Un-kosher sack lunches and food off of the Un-kosher meal line [w]hich were not certified as Kosher and required according to DOC OP-030112." Complaint, at 7. Plaintiff alleges he requested a special religious diet according to ODOC policy OP-030112 but that Defendant Kelly "refused to provide me with my religious diet according to D.O.C. OP-030112 violating my 1st amendment religious rights and my 8th amendment rights not to be subjected to cruel and unusual punishment." Complaint, at 2.

Although Plaintiff named Defendant ODOC in the caption of the Complaint, he does not assert any claims against or action taken by Defendant ODOC in the body of the Complaint.

---

[2]Plaintiff has filed a similar § 1983 action pending in this Court in which he alleges the denial of his First and Eighth Amendment rights due to the refusal of officials at Idabel Work Center and Walters Work Center to provide Plaintiff with a special religious diet between May 2010 and August 23, 2011. Wesley Darrell Free v. O.D.O.C. Food Service Manager Garcia, et al., CIV-13-48-R.

At the time he filed the Complaint in this action, Plaintiff was confined at William S. Keys Correctional Center, Fort Supply, Oklahoma. Plaintiff was released from incarceration sometime in March 2013. (See Doc. # 9, at 5; Doc. # 11, at 4).

II. Screening of Prisoners' Complaints

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972).

III. Eleventh Amendment Immunity

The Eleventh Amendment bars an action for money damages in federal court against

a state by the citizens of that state. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985). This immunity extends to actions against a state agency, Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984), and to state officials acting in their official capacities. Edelman v. Jordan, 415 U.S. 651, 662-663 (1974). Pursuant to the Eleventh Amendment, Defendant ODOC is immune from Plaintiff's § 1983 action seeking monetary damages. See Eastwood v. Dep't of Corr. of State of Okl., 846 F.2d 627, 631 (10th Cir. 1988)("[T]he [O]DOC is an arm of the state and should be entitled to [Eleventh Amendment] immunity."). Consequently, Defendant ODOC should be dismissed from Plaintiff's action with prejudice pursuant to 28 U.S.C. § 1915A(b) on the ground of immunity.

IV. Failure to Serve Defendant Kelly

A brief review of the procedural history of this action is relevant. Although Plaintiff was initially granted leave to proceed *in forma pauperis* upon the condition that he pay a partial filing fee of $44.31, Plaintiff failed to timely pay the initial partial filing fee, and the undersigned recommended that the cause of action be dismissed without prejudice to refiling due to his failure to pay the required fee or show cause for his failure to do so. (Docs. # 7, 8). Plaintiff subsequently paid the required fee (Doc. # 12), and the Report and Recommendation was deemed moot. (Doc. # 13).

Plaintiff was thereafter released from prison, and the undersigned directed Plaintiff to file a new application seeking leave to proceed *in forma pauperis*. Plaintiff subsequently paid the full filing fee (Doc. # 15), and the undersigned vacated the previous order as moot in light of Plaintiff's payment of the full filing fee in the matter. In an Order entered April

18, 2013, the Court Clerk was directed to mail the necessary service forms to Plaintiff for service upon the Defendants named in the Complaint. Plaintiff was advised that proof of service upon Defendants was his responsibility and must be completed within 120 days from the date of Order. (Doc. # 17). Plaintiff was further advised that failure to timely file proof of service could result in dismissal of the action.

Plaintiff filed a Pro Se Litigant's Request for Issuance of Summons upon Defendant Al Kelly at his business address, and the Court Clerk's office issued summons and mailed the summons to Plaintiff for service of process. (Docs. # 18, 19). On August 22, 2013, Plaintiff was notified of the undersigned's intention to recommend dismissal of the action without prejudice unless Plaintiff showed good cause for his failure to serve Defendants Kelly and ODOC by September 10, 2013.

In an unsigned response to the show cause Order entered August 22, 2013 (Doc. # 20), Plaintiff states that he has not timely served Defendant Kelly with process because he was granted leave to proceed *in forma pauperis* and therefore it is not his responsibility, but it is the Court's responsibility, to serve Defendant Kelly with process in this matter. (Doc. # 21). Plaintiff's response to the show cause Order includes a photocopy of the summons issued by the Court Clerk for Defendant Kelly, reflecting that he received a copy of the summons following the Court Clerk's issuance of the summons.

Because Plaintiff may have been confused concerning his responsibility for completion of service of process upon Defendant Kelly, the undersigned finds Plaintiff has shown good cause for his failure to serve Defendant Kelly with process within the time

5

period provided by Rule 4(m) as extended by the Order (Doc. # 17). To clarify the record, because Plaintiff paid the full filing fee in this matter, the Order Granting Leave to Proceed In Forma Pauperis (Doc. # 7) is VACATED as moot.

In consideration of the foregoing finding of good cause, Plaintiff is GRANTED one extension of time until ___September 30th___, 2013, to serve Defendant Kelly with process and file a return with the Clerk of the Court by the same date reflecting service of process upon Defendant Kelly in compliance with Rule 4 of the Federal Rules of Civil Procedure.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action against Defendant Oklahoma Department of Corrections be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A(b) on the ground of Eleventh Amendment immunity. Plaintiff is advised of the right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___September 19th___, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation partially disposes of the issues

referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___30th___ day of ___August___, 2013.

/s/ Gary M. Purcell
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE