IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

WESLEY D. FREE, )
 )
    Plaintiff, )
 )
 )   CIV-13-87-F
v. )
 )
OKLAHOMA DEPARTMENT OF )
    CORRECTIONS, et al., )
 )
    Defendants. )

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, who appears *pro se*, filed this civil rights action pursuant to 42 U.S.C. §1983. In his Complaint filed January 25, 2013, Plaintiff alleges that Mr. Al Kelly ("Defendant Kelly"), the Food Service Manager at Lawton Community Correctional Center[1] ("LCCC"), violated Plaintiff's First Amendment and Eighth Amendment rights while he was confined at LCCC for a 48-day period of time between August 25, 2011 and October 12, 2011. Plaintiff also named the Oklahoma Department of Corrections ("ODOC") as a Defendant, but Defendant ODOC was previously dismissed from the action.

The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is

---

[1] According to information on the Oklahoma Department of Corrections' publicly-available website, the Lawton Community Corrections Center is a transitional facility with a capacity for 158 inmates. http://www.ok.gov/doc/documents/lawton.pdf.

1

recommended that the cause of action against Defendant Kelly be dismissed without prejudice for failure to effect service of process.

I. Plaintiff's Claims

In his Complaint, Plaintiff alleges that Defendant Kelly, in his capacity as the LCCC Food Service Manager, failed to provide Plaintiff a "religious diet" between August 25, 2011 and October 12, 2011, consistent with his House of Yahweh religion.[2] Plaintiff alleges that Defendant Kelly "made no attempt what so ever [sic] to accommodate my religious diet according to DOC OP-030112 the whole time period I was housed at LCCC" and instead "continued to feed me Un-kosher sack lunches and food off of the Un-kosher meal line [w]hich were not certified as Kosher and required according to DOC OP-030112." Complaint, at 7. Plaintiff alleges he requested a special religious diet according to ODOC policy OP-030112 but that Defendant Kelly "refused to provide me with my religious diet according to DOC OP-030112 violating my 1st amendment religious rights and my 8th amendment rights not to be subjected to cruel and unusual punishment." Complaint, at 2.

II. Plaintiff has failed to demonstrate that he substantially complied with the requirements of service by personal delivery or certified mail

"Personal service under Rule 4 serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's

---

[2] Plaintiff has a similar § 1983 action pending in this Court, in which he alleges the denial of his First and Eighth Amendment rights due to the refusal of officials at Idabel Work Center and Walters Work Center to provide Plaintiff with a "religious diet" between April 1, 2010 and August 23, 2011. Wesley Darrell Free v. O.D.O.C. Food Service Manager Garcia, et al., CIV-13-48-R.

assertion of jurisdiction over the lawsuit." Okla. Radio Assoc. v. FDIC, 969 F.2d 940, 943 (10th Cir. 1992). Plaintiff has the burden of demonstrating that the Court has personal jurisdiction over the parties, including valid service of process.

Plaintiff was initially granted leave to proceed *in forma pauperis* based on his institutional accounts and directed to pay a partial filing fee of $44.31, which he eventually paid. In March 2013, the Court learned that Plaintiff had been released from prison, and Plaintiff was directed to submit a new application for leave to proceed *in forma pauperis*. (Doc. # 14).

Plaintiff did not file a new application. However, on April 17, 2013, Plaintiff paid $305.69 to the Court Clerk, which represented the unpaid balance of the filing fee at that time. (Doc. # 15). In light of Plaintiff's payment of the full filing fee, the undersigned vacated the previous Order as moot.

In an Order entered April 18, 2013, the Court Clerk was directed to mail the necessary service forms to Plaintiff for service upon the Defendants named in the Complaint. Plaintiff was advised that proof of service upon Defendants was his responsibility and must be completed within 120 days from the date of the Order. (Doc. # 17). Plaintiff was further advised that failure to timely file proof of service could result in dismissal of the action.

On May 1, 2013, Plaintiff filed a Pro Se Litigant's Request for Issuance of Summons upon Defendant Kelly at his business address. (Doc. # 18). On that same date, summons was issued by the Court Clerk for Defendant Kelly and mailed to Plaintiff. (Doc. # 19).

On August 22, 2013, Plaintiff was notified of the undersigned's intention to

recommend dismissal of the action without prejudice unless Plaintiff showed good cause for his failure to serve Defendant Kelly, as well as Defendant ODOC, in compliance with Fed.R.Civ.P. 4(m). (Doc. # 20). In response to the show cause Order, Plaintiff stated that it was not his obligation to serve Defendant Kelly with process because he had been granted leave to proceed *in forma pauperis* and therefore it was the Court's responsibility to serve Defendant Kelly with process in this matter. (Doc. # 21).

Because Plaintiff may have been confused concerning his responsibility for completion of service of process upon Defendant Kelly, the undersigned found in an Order entered August 30, 2013, that Plaintiff had shown good cause for his failure to serve Defendant Kelly with process within the time period provided by Rule 4(m) as extended by the Order (Doc. # 17). (Doc. # 22). To clarify the record, because Plaintiff had previously paid the full filing fee in this matter, the Order Granting Leave to Proceed In Forma Pauperis (Doc. # 7) was VACATED as moot. Plaintiff was granted one extension of time until September 30, 2013, to serve Defendant Kelly with process and file a return with the Clerk of the Court reflecting service of process upon Defendant Kelly in compliance with Rule 4.[3]

On September 16, 2013, Plaintiff filed a summons return stating that he had proof of service of process upon Defendant Kelly by "certified mail."(Doc. # 23). The certified mail receipt attached to the return reflects that "James Hubert" accepted delivery of the certified

---

[3]The undersigned further recommended the dismissal with prejudice of Defendant ODOC on immunity grounds. Order Extending Time to Accomplish Service of Process and Supplemental Report and Recommendation (Doc. # 22). This recommendation was adopted, and Defendant ODOC was dismissed from the action.

mail, and signed the certified mail receipt, directed to Mr. Al Kelly at 605 SW Coombs Rd., Lawton, Oklahoma 73505. The certified mail receipt reflects that delivery of the certified mail was not restricted to the addressee, Defendant Kelly.

In an Order entered November 6, 2013, the undersigned summarized the requirements for service of process set forth in Fed. R. Civ. P. 4(e). Order (Doc. # 25). In the Order, Plaintiff was again ordered to show cause for his failure to effect service of process upon Defendant Kelly.

Plaintiff filed two responses to the show cause Order. In his first response, Plaintiff asserted that he attempted to comply with federal procedural rules and that "Rule 4 Does not say that summons has to be sent certified mail [with] 'restricted delivery.'"[4] Plaintiff's Response to Order Document 25 (Doc. # 26). In a second response, Plaintiff asserted that because he lived in a rural Kansas town he lacked access to a law library and the federal and state procedural rules. Supplemental Response (Doc. # 28). He asserted he simply did not know about Oklahoma's requirement for restricted delivery of summons by certified mail.

In consideration of Plaintiff's responses to the show cause Order, Plaintiff was given a permissive extension of time (his second extension of time) until December 26, 2013, to effect service of process upon Defendant Kelly in compliance with federal procedural rules. Order (Doc. # 29).

---

[4]In a change-of-address notice filed on the same date as his responsive pleading, Plaintiff stated that he was homeless and had no stable address. (Doc. # 27). Plaintiff filed another change-of-address notice on December 30, 2013, indicating he had moved to Lexington, Oklahoma. (Doc. # 30).

5

To this date, Plaintiff has not demonstrated that he either served copies of the Summons and Complaint upon Defendant Kelly personally or substantially complied with service of process requirements as prescribed in Rule 4(e).

Rule 4 permits service of a summons and complaint upon an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed.R.Civ.P. 4(e)(1).

Plaintiff chose to serve Defendant Kelly by certified mail pursuant to Okla. Stat. tit. 12, § 2004(C)(2). This statute requires service to be sent "by certified mail, return receipt requested and delivery restricted to the addressee." If an individual other than the named Defendant accepts or refuses the certified mail, § 2004(C)(2)© provides that such "[a]cceptance or refusal of service by mail by a person who is fifteen (15) years of age or older who resides at the defendant's dwelling house or usual place of abode shall constitute acceptance or refusal by the party addressed." Id. See Hukill v. Okla. Native Amer. Domestic Violence Coalition, 542 F.3d 794, 797 n. 5 (10th Cir. 2008)(holding §2004(C)(2)© "defines . . . when acceptance or refusal of service by mail by someone other than the individual party addressed nonetheless constitutes acceptance or refusal of service by that party")(citing Mortgage Elec. Registration Sys., Inc. v. Crutchfield, 144 P.3d 196, 200-01 (2006)).

Plaintiff attempted to serve Defendant Kelly by certified mail, but he did not comply with Rule 4(e)'s requirements for effecting service of process by this method, which required compliance with Oklahoma law for serving process upon an individual. Plaintiff's attempted

service was flawed because Plaintiff did not restrict delivery of the certified mail containing the summons and complaint to Defendant Kelly. If he was attempting to serve Defendant Kelly by personal delivery by serving another individual, he did not effect service as required by Oklahoma law because he did not prove the certified mail was accepted or refused at Defendant Kelly's "dwelling house or usual place of abode."

If Plaintiff was attempting to serve Defendant Kelly by serving an authorized agent, as prescribed by Fed.R.Civ.P. 4(e)(2)©, he has not demonstrated that the individual who signed the certified mail receipt and accepted delivery of the certified mail was authorized by Defendant Kelly or by law to do so. See Habyarimana v. Kagame, 821 F.Supp.2d 1244, 1251-1252 (W.D.Okla. 2011)("In Oklahoma, as in other jurisdictions with similar provisions, an agent authorized by appointment to receive service of process must be one who has received specific authorization by his principal. General agency is not sufficient.").

Oklahoma applies the rule of substantial compliance with respect to service of process. Graff v. Kelly, 814 P.2d 489, 495 (Okla. 1991). In Graff, the plaintiff attempted to serve the defendant by personal delivery. But the plaintiff's process server left the summons with a receptionist at the defendant's business address. The court held that a substantial compliance analysis included consideration of the fundamental requirements of due process. The state appellate court held service was invalid based upon the statutory requirements of personal delivery where the process server served "an employee, not the defendant, at that defendant's place of employment." Id. at 490, 493. Relying on Graff and its progeny, Ferguson Enterprises, Inc. v. H. Webb Enterprises, Inc., 13 P.3d 480 (Okla. 2000), the Tenth

7

Circuit Court of Appeals concluded in Hukill that "the Supreme Court would hold that a plaintiff fails to substantially comply with a service statute specifying who is authorized to accept or refuse service on behalf of the defendant, when service is accepted or refused by an unauthorized person." Hukill, 542 F.3d at 800.

Both the Tenth Circuit Court of Appeals and the Oklahoma Court of Civil Appeals have recognized that the statutorily restricted delivery requirement is not essential if the defendant or another individual authorized under § 2004(C)(2)© accepted or refused the service by mail. Nikwei v. Ross School of Aviation, Inc., 822 F.2d 939, 943 (10th Cir. 1987); Coulsen v. Owens, 125 P.3d 1233, 1237 (Okla. Civ. App. 2005). However, the facts herein are similar to those in the Graff decision and distinguishable from the Nikwei and Coulson decisions. In this case, there is only a third party's receipt of the certified mail containing the summons papers, and such receipt does not show a "*reasonable probability* that the person who was not individually served [nevertheless] will receive actual notice from one by whom service was accepted." Shamblin v. Beasley, 967 P.2d 1200, 1209 (Okla. 1999).

Nothing in this case or the pleadings provide demonstrable evidence that Mr. Hubert, the individual who accepted the certified mail and signed the certified mail receipt, was either authorized to do so or in a position such that there was a reasonable probability Defendant Kelly would receive actual notice of Plaintiff's lawsuit. Under these circumstances, Plaintiff has not shown good cause for his failure to serve Defendant Kelly.

Rule 4(m) directs that when a plaintiff fails to serve a defendant with process within the 120-day period, the district court "shall dismiss the action without prejudice . . . or direct

that service be effected within a specified time." Fed.R.Civ.P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. "If the plaintiff fails to show good cause [for not effecting service], the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995).

Plaintiff was previously granted two extensions of time to effect proper service upon Defendant Kelly. However, Plaintiff did not show that he effected proper service within the allotted time period. Plaintiff filed this action twelve months ago, and during this extended period of time he made only one effort to serve Defendant Kelly. Although he knew four months ago that Defendant Kelly did not accept or sign the certified mail return receipt, he took no further action to attempt to serve Defendant Kelly with process. He has not asserted and there is no evidence demonstrating that Mr. Hubert was authorized to accept service on behalf of Defendant Kelly.

Plaintiff's status as a *pro se* litigant does not relieve him of his "obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure," Merryfield v. Jordan, 584 F.3d 923, 924 n. 1 (10th Cir. 2009)(quotations and citation omitted), as well as local rules of procedure. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005); Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). There are no circumstances warranting another permissive extension of time to effect proper service, and the cause of action against Defendant Kelly should be dismissed without prejudice.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action against Defendant Kelly be DISMISSED WITHOUT PREJUDICE for failure to effect timely service of process. Plaintiff is advised of the right to file an objection to this Second Supplemental Report and Recommendation with the Clerk of this Court by February 13th, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Second Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Second Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  24th  day of    January   , 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE